**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000380
16-MAY-2013
09:17 AM**

NO. CAAP-12-0000380

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTOPHER LEE SLAVICK, Defendant-Appellee, and
JANIS H. FERNANDEZ d/b/a EXODUS BAIL BOND,
Real Party in Interest-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 04-1-1534)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Real-Party-in-Interest/Appellant Janis H. Fernandez
d/b/a Exodus Bail Bond (**Exodus**) appeals from the March 28, 2012
Order Denying Motion to Set Aside Bail Forfeiture (**Order re
Forfeiture**) by the Circuit Court of the First Circuit (**Circuit
Court**).[1]

On appeal, Exodus fails to identify points of error,
fails to provide any citations to the record, and otherwise fails
to comply with the requirements of Hawai'i Rules of Appellate
Procedure (**HRAP**) Rule 28(b). Exodus contends that the Order re
Forfeiture is void and should be set aside because the Office of
the Prosecuting Attorney (**Prosecutor**) is not permitted to
represent the State of Hawai'i in a bail forfeiture proceeding.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to

---

[1] The Honorable Karen S.S. Ahn presided.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we address Exodus's appeal as follows:

HRAP Rule 28(b)(4) provides that "[p]oints not presented in accordance with [HRAP Rule 28(b)] will be disregarded, except that the appellate court, at its option, may notice a plain error not presented."

Moreover, in the proceedings before the Circuit Court, Exodus did not raise its claim that the Prosecutor may not represent the State's interests in a bond forfeiture proceeding. "As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases." State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003). This court will consider new arguments when justice so requires. Id. However, under the circumstances of this case, and in light of the issue presented, Exodus's argument is deemed waived.

Accordingly, the March 28, 2012 Order re Forfeiture is affirmed.

DATED:   Honolulu, Hawai'i, May 16, 2013.

On the briefs:

Janis Fernandez d/b/a
  Exodus Bail Bond, Pro Se
     and
Tae Won Kim
for Real Party in Interest-
Appellant

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

2